IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JA RAF MUINA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-09-CV-0364-K |
| | § | |
| THE KKK ST. JOE PAPER CO., | § | |
| ET AL. | § | |
| | § | |
| Defendants. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

This *pro se* civil action has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is an unspecified action brought by Ja Raf Muina, a resident of Las Vegas, Nevada, against more than 30 defendants, including two former presidents, the Chief Justice of the United States Supreme Court, and fictitious entities identified as "The KKK St. Joe Paper Co.," "Big W Kill Willy Gang CIA," and "Bay Memorial Hospital Step Down Staff." On February 25, 2009, plaintiff tendered a four-page complaint to the district clerk and later filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Upon further review, the court now determines that this action should be summarily dismissed as frivolous.

II.

Plaintiff's complaint consists of a rambling narrative of disconnected words and phrases containing illogical references to the use of biological weapons to assault, coerce, and torture unidentified individuals as part of a conspiracy to commit high treason against the United States. Illustrative of his disjointed and undecipherable allegations is the opening paragraph of his complaint:

> [T]he undersigned plaintiff comes to this court seekling relief against a bestial civil and constitutional rights depriving conspiracy all advance in bestial racism against individual situated as the plaintiff's, 'cuban black jew by' the above name defendant the St joe stolen election paper co and co the Ball Eds lister, Gaskin, Bloomberg Gang White house of Both Bush's, Clinton and their Obama, Chief Justice Roberts as coconspired by said defendants with their protected KKK St Joe co animals of Miss Edna Ball, Floyda Michelle listers van leebs KKK ss Glass south kkk cross gas high treason Dallas 911 Mcveigh pupetering CIA Goss Haiies, Bush, Bush high treason federal agents gang of conceal south bossco conceal horrocks. attempt to take revenge at plaintiff from the day landed in this south hitler bossco land and aany politicla shadows that would expose their bestial segregation mind control conceal robotics of their house n----rs, conceal plantation and then ST JOE PAPER CO. SOUTHERN BOSSCO HITLER GAS MAKERS AND CONCEAL ROOSEVELT POISONING BY SUCH ANIMALS.

(Plf. Compl. at 2).[1] Elsewhere in his complaint, plaintiff cites the assassinations of John F. Kennedy, Robert F. Kennedy, and Martin Luther King, Jr., as well as the accidental death of John F. Kennedy, Jr., as examples of the "high treason" committed by defendants. (*See id.*). Similar references to "biological murder attempts," "biotorturing," and other acts of "high treason" are contained in correspondence submitted by plaintiff after he filed his complaint. Although his pleadings are nearly impossible to decipher, it appears that plaintiff wants a hearing on his charges against the defendants related to the alleged conspiracy.

---

[1] Any errors in spelling, capitalization, and grammar appear in the original pleading filed by plaintiff. The court will not endeavor to identify each error specifically.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes, *inter alia*, that the action "is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991). A complaint is without an arguable basis in law if it is grounded upon an untenable or discredited legal theory. *Neitzke*, 109 S.Ct. at 1831. A claim is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999); *see also Denton v. Hernandez*, 504 U.S. 25, 32, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

B.

Plaintiff does not present a logical set of facts to support any claim for relief. Instead, his complaint recites fantastic charges which are fanciful and delusional in nature. Dismissal is clearly warranted under these circumstances. *See, e.g. Patterson v. U.S. Government*, No. 3-08-CV-1730-K, 2008 WL 5061800 (N.D. Tex. Nov. 25, 2008) (dismissing complaint alleging that plaintiff was being tracked daily by a remote control bracelet, that the President of the United States called plaintiff's pastor to discuss the situation, that plaintiff received messages from anonymous sources and through television ads instructing her to return to her husband, and that someone at a family crisis center threatened to put plaintiff in a dungeon); *Melton v. American Civil Liberties Union*, No. 3-07-CV-0856-M, 2007 WL 2263953 (N.D. Tex. Jul. 30, 2007) (dismissing complaint alleging that ACLU and its attorneys, acting as unregistered Russian agents, violated plaintiff's civil rights and those of other Americans by using the courts to attack the United States Constitution and set up a Communist

government); *Jackson v. Johnson*, No. 3-05-CV-1230-H, 2005 WL 1521495 (N.D. Tex. Jun. 27, 2005), *rec. adopted*, 2005 WL 1668084 (N.D. Tex. Jul. 13, 2005), *appeal dism'd*, No. 05-10939 (5th Cir. Jan. 16, 2006) (dismissing complaint alleging that FBI conspired with local and state police to invade plaintiff's privacy through "highly sophisticated surveillance techniques, computerized mind control, and satellite weaponry"); *Johnson v. Drug Enforcement Agency*, No. 3-04-CV-0410-G, 2004 WL 813214 (N.D. Tex. Apr. 14, 2004), *rec. adopted*, 2004 WL 948265 (N.D. Tex. May 3, 2004), *appeal dism'd*, 137 Fed.Appx. 680, 2005 WL 1444386 (5th Cir. Jun. 21, 2005) (dismissing complaint alleging that DEA implanted a radio transmitter beneath plaintiff's scalp and forced him to ingest various chemical and sleep-inducing drugs); *Daniel v. FBI*, No. 3-03-CV-1281-N, 2003 WL 21436479 (N.D. Tex. Jun. 17, 2003), *rec. adopted*, 2003 WL 21555130 (N.D. Tex. Jul. 8, 2003) (dismissing complaint alleging that FBI stalked, harassed, and tried to poison plaintiff because she ran as a write-in candidate for President of the United States); *Decker v. Fleming*, No. 3-02-CV-2075-P, 2002 WL 31548766 (N.D. Tex. Nov. 12, 2002) (dismissing complaint alleging that federal prison officials opened-up plaintiff's mind "where they could listen to my thinking in Psychology Dept.").

C

Federal courts have inherent authority "to protect the efficient and orderly administration of justice and . . . to command respect for [its] orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in such power is the authority to levy sanctions in response to abusive litigation practices. *Id.* Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *See* FED. R. CIV. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). Litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees--indeed, are not entitled to sue and appeal,

period." *Brewer v. Cockrell*, No. 3-03-CV-0768-P, 2003 WL 21448362 at *1 (N.D. Tex. May 5, 2003), *rec. adopted*, 2003 WL 21488150 (N.D. Tex. May 15, 2003), *quoting Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989). Appropriate sanctions may include monetary sanctions and restrictions on the ability to file future lawsuits without leave of court. *See generally, McCampbell v. KPMG Peat Marwick*, 982 F.Supp. 445, 448-49 (N.D. Tex. 1997) (discussing sanctions available to deter and punish *pro se* litigants for abusing the judicial system by filing multiple frivolous lawsuits).

A search of the PACER website reveals that plaintiff has filed more than 30 lawsuits in various federal courts across the country. *See* https://pacer.uspci.uscourts.gov/cgi-bin/dquery.pl (Search under "Muina"). While the court lacks the time and resources to extensively review each case, at least five of those lawsuits have been dismissed as frivolous or for failure to state a claim. *See Muina v. Lister*, No. 5-93-CV-50158-LC (N.D. Fla. Jun. 2, 1994), *rec. adopted*, (N.D. Fla. Jun. 27, 1994), *appeal dism'd*, No. 95-2364 (11th Cir. Sept. 19, 1995); *Muina v. Lister*, No. 1-95-CV-11062-NG (D. Mass. Jul. 27, 1995); *Muina v. Allen*, No. 4-99-CV-0199-WS (N.D. Fla. Jun. 4, 1999), *rec. adopted*, (N.D. Fla. Jun. 30, 1999), *appeal dism'd*, No. 99-14108 (11th Cir. Dec. 14, 1999); *Muina v. Floyd*, No. 4-00-CV-0360-WS (N.D. Fla. Sept. 27, 2000), *rec. adopted*, (N.D. Fla. Oct. 31, 2000); *Muina v. KKK Floyda*, No. 4-01-CV-0455-SPM, (N.D. Fla. Oct. 30, 2001), *rec. adopted*, (N.D. Fla. Dec. 7, 2001); *see also Muina v. KKK St. Joe Paper Co.*, No. 3-07-MC-12-J-32HTS (M.D. Fla. Jul. 13, 2007) (denying all motions and closing file containing "various rambling, incoherent, and largely scandalous filings from plaintiff"); *Muina v. KKK*, No. 4-08-CV-0110 (S.D. Iowa Mar. 24, 2008) (denying motion to proceed *in forma pauperis* and dismissing "purported complaints" as frivolous). In view of this conduct, plaintiff should be warned that the filing of any frivolous lawsuits in the future may result in the imposition of sanctions, including an order barring

him from filing any civil actions without paying the required filing fee or obtaining prior authorization from a district judge or magistrate judge.

### **RECOMMENDATION**

Plaintiff's complaint should be summarily dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2). In addition, plaintiff should be warned that the filing of any frivolous lawsuits in the future may result in the imposition of sanctions, including an order barring him from filing any civil actions without paying the required filing fee or obtaining prior authorization from a district judge or magistrate judge.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 11, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE